UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MONARCH FIRE PROTECTION DISTRICT )
OF ST. LOUIS COUNTY, MISSOURI )
                                )
         Plaintiff,             )
                                )
    vs.                         )    Case No. 4:08CV01424 ERW
                                )
FREEDOM CONSULTING & AUDITING   )
SERVICES, INC., et al.,         )
                                )
         Defendants.            )

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's First Motion to Compel [doc. #21]. A hearing was held on January 6, 2009, and the Court heard arguments from the parties on the Motion.

**I.    BACKGROUND**

Freedom Consulting & Auditing Services, Inc. ("Freedom Auditing"), Brett Turner ("Turner") and Karen Indellicati ("Indellicati") (collectively, "Defendants") were involved in an audit of the claims administration of Monarch Fire Protection District's ("Plaintiff") group health plan. This audit was performed at the request of The International Association of Firefighters, Local 2665 ("Local 2665"). Local 2665 requested this audit of the claims administration of the group health plan in order to propose possible cost savings in the administration of the group health plan.

In the course of completing this audit, Defendants requested access to certain medical records of specific group health plan participants. These records contained identifiable medical

information constituting protected health information ("PHI") under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). *See* 42 U.S.C. § 201. Pursuant to HIPPA, Plaintiff and Defendants entered into a Business Associate Agreement to protect the confidentiality of the PHI released to Defendants. *See* 45 C.F.R. §§ 164.502(e)(2); 164.504(e).

When the audit was concluded, Defendants produced two documents: a Public Report and a Privileged Supplement. The Privileged Supplement contained PHI, and Defendants forwarded both documents to Rick Barry, counsel for Local 2665. Plaintiff has brought this lawsuit alleging that Defendants breached the Business Associate Agreement by forwarding the Privileged Supplement to Rick Barry and others.

Plaintiff served Defendants with interrogatories and requests for production, and Defendants responded by raising the "accountant-client" privilege. In the pending Motion, Plaintiff asks that the Court find that Defendants are not entitled to this privilege, and compel Defendants to answer these discovery requests.

**II. DISCUSSION**

Missouri recognizes an accountant-client privilege, and Defendants have objected to Plaintiff's discovery requests, citing this privilege. Plaintiff now asks that the Court compel Defendants to answer their requests, stating that this privilege does not apply because it is a state law privilege and Defendants have raised federal defenses. Additionally, Plaintiff states that even if this privilege did apply, Defendants do not fall within the statutory protections of this privilege.[1] The Court will consider these issues separately.

---

[1] Plaintiff also asserts that Defendants have waived this privilege, however, in the absence of a privilege log, the Court finds that it is premature to consider whether waiver has occurred, or whether waiver has occurred relative to some communications but not others.

A.  *DOES MISSOURI PRIVILEGE LAW APPLY TO THIS ACTION?*

The first issue the Court must consider is whether Defendants are claiming a federal defense. Plaintiff's claims are all based upon state law, and generally state privilege law applies. *See* Fed. R. Evid. 501. However, if Defendants assert a federal defense, they would no longer be entitled to state privileges such as the accountant-client privilege. *Wm. T. Thompson Co. v. General Nutrition Corp.*, 671 F.2d 100, 104 (3d Cir. 1982). Defendants state that this is essentially a HIPAA whistle blower case, and it initially appears that they are claiming HIPAA as a defense. However, further inspection reveals that Defendants are not actually relying upon HIPAA as a defense, as the relevant statutory terms were written into the Business Associate Agreement. As a result, their defense is simply that they did not breach the contract. As a result, Fed. R. Evid. 501 requires that state privilege law be applied to this action.

B.  *DO DEFENDANTS FALL WITHIN THE STATUTORY PROTECTIONS OF THIS PRIVILEGE?*

"The Supreme Court has directed that courts must narrowly construe privileges, and statutes creating them, and must avoid suppressing probative evidence. *PepsiCo, Inc. v. Baird, Kurtz & Dobson LLP*, 305 F.3d 813, 816 (8th Cir. 2002) (citing *Univ. of Pa. v. EEOC*, 493 U.S. 182, 189 (1990)). The Missouri accountant-client privilege is a statutory privilege, and the statute states that: "[e]xcept by permission of the client . . . a licencee pursuant to this chapter shall not voluntarily disclose information communicated to the licensee by the client relating to and in connection with services rendered to the client by the licensee." Mo. Rev. Stat. § 326.322(1). While there are very few cases interpreting this statute, the Court finds that the invocation of the privilege under these circumstances is neither contemplated nor authorized by

the statute. The intent of this privilege is to protect the confidential financial information of the individual or corporation whose records are being investigated by the licensee. *See Investigation of the Fiscal and Operational Reliability of Cass County Telephone Company and New Florence Telephone Company*, 2005 WL 1076329 (Mo. Pub. Serv. Comm. 2005).

The situation before the Court is unique. Local 2665 hired Defendants to audit Plaintiff's group health plan. Local 2665's confidential financial information is not at issue in this case, yet they seek to invoke the accountant-client privilege to prevent Defendants from disclosing information regarding communications between Defendants and Local 2665 regarding the audit of Plaintiff's group health plan. This stretches the bounds of this statutory privilege, and twists the logic of who is the client in this instance. *See* 1 Testimonial Privileges § 3:9 (3d ed.). The privilege has been found not to apply where an accountant was jointly hired by two or more parties. *Harwood v. Randolph Harwood, Inc.*, 333 N.W.2d 609 (Mich. App. 1983). Similarly, the privilege should not apply where the confidential information does not belong to the party who seeks to invoke the privilege. The Court finds that, based upon the information provided at the hearing, Plaintiff's discovery requests do not fall within the statutory protections of this privilege. Plaintiff seeks information regarding communications between Defendants and Local 2665 regarding the audit of Plaintiff's own records,[2] and Defendants objection based on the accountant-client privilege must be overruled.

---

[2] The Court notes that Defendants were served with these discovery requests in August 2008, but have not yet produced a privilege log. The Federal Rules require that a party claiming a privilege "[d]escribe the nature of the documents, communications, or tangible things not produced or disclosed - - and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). If Defendants determine that Plaintiff's requests seek Local 2665's financial records, they must provide Plaintiff with their privilege log on or before **January 23, 2009.**

4

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's First Motion to Compel [doc. #21] is **GRANTED.** Defendants must respond to these interrogatories and requests for production by **January 23, 2009.**

Dated this <u>14th</u> Day of <u>January</u>, 2009.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE