UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MONARCH FIRE PROTECTION DISTRICT<br>OF ST. LOUIS COUNTY, MISSOURI<br><br>      Plaintiff,<br><br>     vs.<br><br>FREEDOM CONSULTING & AUDITING<br>SERVICES, INC., et al.,<br><br>      Defendants. | Case No. 4:08CV01424 ERW |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Second Motion to Compel [doc. #42], Plaintiff's Motion for a Protective Order [doc. #44] and Non Party Motion to Intervene and for a Protective Order [doc. #50]. A hearing was held on June 17, 2009, and the Court heard arguments from the Parties on these Motions.

**I.    BACKGROUND**

Freedom Consulting & Auditing Services, Inc. ("Freedom Auditing"), Brett Turner ("Turner") and Karen Indellicati ("Indellicati") (collectively, "Defendants") were involved in an audit of the claims administration of Monarch Fire Protection District's ("Plaintiff") group health plan. This audit was performed at the request of The International Association of Firefighters, Local 2665 ("Local 2665"). Local 2665 requested this audit of the claims administration of the group health plan in order to propose possible cost savings in the administration of the group health plan.

In the course of completing this audit, Defendants requested access to certain medical records of specific group health plan participants. These records contained identifiable medical

information constituting protected health information ("PHI") under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). *See* 42 U.S.C. § 201. Pursuant to HIPPA, Plaintiff and Defendants entered into a Business Associate Agreement to protect the confidentiality of the PHI released to Defendants. *See* 45 C.F.R. §§ 164.502(e)(2); 164.504(e).

When the audit was concluded, Defendants produced two documents: a Public Report and a Privileged Supplement. The Privileged Supplement contained PHI, and Defendants forwarded both documents to Rick Barry, counsel for Local 2665. Plaintiff has brought this lawsuit alleging that Defendants breached the Business Associate Agreement by forwarding the Privileged Supplement to Rick Barry and others.

Plaintiff served Defendants with interrogatories and requests for production, and Defendants responded by raising the "accountant-client" privilege. Plaintiff filed a Motion to Compel, and in a Memorandum and Order dated January 14, 2009, the Court found that Defendants were not entitled to this privilege. Defendants have still not answered these discovery requests, and now claim that they are protected by a "common interest/joint defense" privilege. Plaintiff has filed Plaintiff's Second Motion to Compel [doc. #42] asking that the Court compel Defendants to answer. In response, Local 2665 filed a Non Party Motion to Intervene and for a Protective Order [doc. #50]. Additionally pending before the Court is Plaintiff's Motion for a Protective Order [doc. #44], in which Plaintiff asks that the Court enter a protective order declaring what information they must disclose from a non-testifying expert witness they hired in anticipation of litigation.

## II. DISCUSSION: "COMMON INTEREST/JOINT DEFENSE" PRIVILEGE

In their Motion to Intervene, Local 2665 states that they had a joint interest with Defendants to ensure that the audit was being performed legally and correctly. There was an

2

attorney client relationship between Local 2665 and Mr. Barry, and Local 2665 states that the work product protection and attorney-client privilege should also extend to documents that Local 2665 gave to Defendants because of this joint interest. However, at the hearing, Local 2665 conceded this argument, and stated that they did not object to producing these documents, as long as they were subject to a protective order ensuring that they were kept confidential. The Parties represented to the Court that a protective order was already in place, and they would ensure that these documents were kept confidential. The Court finds that this is an appropriate resolution, and orders Defendants to answer Plaintiff's discovery requests by July 6, 2009. These documents should be produced under the existing protective order, and should be marked "confidential."

### III. DISCUSSION: NON-TESTIFYING EXPERT

Plaintiff states that in anticipation of litigation they retained CBIZ Benefits and Insurance Services ("CBIZ"). Plaintiff asserts that CBIZ is a non-testifying expert witness, and Plaintiff does not plan to call any CBIZ representative as a witness, except as necessary to authenticate certain documents and possibly testify as to fees or an hourly rate charged in the event that Plaintiff's employees are unable to do so. Accordingly, Plaintiff asks that the Court enter a protective order limiting the deposition to the authenticating its invoices to counsel for Plaintiff, two letters dated April 28, 2008, their Business Associate Agreement, and the curriculum vitae of the individuals who performed work for Plaintiff's counsel. In response, Defendants state that because Plaintiff sent CBIZ's reports to testifying experts and posted a summary of the reports online, Plaintiff has waived the protections provided to non-testifying experts under Fed. R. Civ. P. 26.

The Federal Rules state that unless certain requirements are met, "[o]rdinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has

been retained or specially employed by another party in anticipation of litigation . . . and who is not expected to be called as a witness at trial." Fed. R. Civ. P. 26(b)(4). The Court agrees that Plaintiff has waived this protection for the specific documents that were provided to the testifying expert and posted online, however, these actions do not result in the loss of this privilege as it relates to the rest of the 3,000 pages of documents at issue. *See ICE Corp. v. Hamilton Sundstrand Corp.*, 2007 WL 4239453, at *3 (D. Kan. Nov. 30, 2007). "[C]ourts have generally held that partial disclosure of a non-testifying expert's work product does not waive a party's right to withhold production of the expert's undisclosed work product." *Hollinger Intern. Inc. v. Hollinger Inc.*, 230 F.R.D. 508, 522 (N.D. Ill. 2005) (internal citations omitted). As a result, the Deposition of CBIZ is limited to the documents that were disclosed and the documents whose disclosure Plaintiff does not contest,[1] however, all undisclosed materials are protected, and not subject to discovery.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Second Motion to Compel [doc. #42] is **GRANTED.** Defendants must respond to these interrogatories and requests for production by **Monday, July 6, 2009.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for a Protective Order [doc. #44] is **GRANTED.** As detailed in this Memorandum and Order, Defendants may not depose CBIZ over undisclosed documents.

---

[1] Plaintiff does not object to Defendants deposing CBIZ over invoices to counsel for Plaintiff, two letters dated April 28, 2008, their Business Associate Agreement, and the curriculum vitae of the individuals who performed work for Plaintiff's counsel.

4

**IT IS FURTHER ORDERED** that Non Party Motion to Intervene and for a Protective Order [doc. #50] is **DENIED.**

Dated this 19th Day of June, 2009.

                                                                         E. RICHARD WEBBER
                                                                         UNITED STATES DISTRICT JUDGE