UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MONARCH FIRE PROTECTION DISTRICT OF ST. LOUIS COUNTY, MISSOURI | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 4:08CV01424 ERW |
| FREEDOM CONSULTING & AUDITING SERVICES, INC., et al., | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Non-Party Rick Berry's Motion to Quash and/or for Issuance of a Protective Order [doc. #67]. A hearing was held on July 10, 2009, and the Court heard arguments from the Parties on this Motion.

**I.  MOTION TO QUASH**

Rick Barry ("Mr. Berry") is counsel for Local 2665, and was served with a subpoena and notice of deposition. While Local 2665 is not a defendant, its interests are adverse to Plaintiff, and Mr. Berry asserts that his deposition should be barred because he is counsel for Local 2665. He asks that the subpoena be quashed.

Specifically, Mr. Berry is concerned that Plaintiff will attempt to depose him over information that is protected by the attorney-client privilege or the work product doctrine. Mr. Berry's involvement in this action is not limited to his representation of a group whose interests are adverse to Plaintiff because he also is a fact witness. Plaintiff acknowledged that Mr. Berry's work product and attorney-client communications, that were not transmitted to third parties, are protected. Plaintiff clearly states that it does not seek this information. If Plaintiff attempts to

secure this information, an objection may be made at the deposition. As a result, the Court finds no reason to quash this subpoena.

Mr. Berry also asks that Court issue a protective order limiting the subjects and questions that may be covered at the deposition. The Court does not wish to unduly restrict Plaintiff in this deposition, and finds that a protective order is not needed because the Parties are familiar with the rules and may seek the Court's guidance, if necessary. The Parties agree that this deposition should be subject to the protective order that is already in place in this action. Additionally, the Parties have asked the Court to continue the subpoena, which currently sets Mr. Berry's deposition on July 15, 2009, to July 22, 2009, so that the Court may consider Plaintiff's Fourth Motion to Compel prior to this deposition.

## II. NON-TESTIFYING EXPERT

At today's hearing, Defendant asked for clarification on the Court's Memorandum and Order dated June 19, 2009. In that Order, the Court considered whether some materials produced by a non-testifying witness were discoverable. Specifically, Plaintiff retained CBIZ Benefits and Insurance Services ("CBIZ") in anticipation of litigation, and does not plan to call any CBIZ representative as a witness, except as necessary to authenticate certain documents and possibly testify as to fees or an hourly rate charged in the event that Plaintiff's employees are unable to do so. Plaintiff asked that the Court enter a protective order limiting the deposition to the authenticating its invoices to counsel for Plaintiff, two letters dated April 28, 2008, their Business Associate Agreement, and the curriculum vitae of the individuals who performed work for Plaintiff's counsel. In response, Defendants stated that because Plaintiff sent CBIZ's reports to testifying experts and posted a summary of the reports online, Plaintiff waived the protections provided to non-testifying experts under Fed. R. Civ. P. 26. The Court found that Plaintiff has

waived this protection for the specific CBIZ documents that were provided to the testifying expert and posted online.

Defendant now states that they should be able to conduct discovery into these documents, including discovering the documents CBIZ relied upon in coming to their opinions, and asks the Court to clarify this prior order to determine whether this discovery is permitted. Plaintiff forfeited the non-testifying witness protections available to these disclosed documents, however, this does "not automatically forfeit the protection of Rule 26(b)(4)(B) as to the withheld information or place the entirety of [CBIZ's] work at issue in this case." *Hollinger Intern. Inc. v. Hollinger Inc.*, 230 F.R.D. 508, 522 (N.D. Ill. 2005). Plaintiff does not plan to use even the disclosed documents at trial, and the limited disclosure that was made does not open the door to the discovery Defendant seeks. Plaintiff has not waived the protections of Fed. R. Civ. P. 24(b)(4)(B) as they relate to this discovery, and as a result, Defendant may only receive these materials by "showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means." Fed. R. Civ. P. 26(b)(4)(B)(ii). Defendant has introduced no evidence of exceptional circumstances, and has failed to meet this burden.

Accordingly,

**IT IS HEREBY ORDERED** that Non-Party Rick Berry's Motion to Quash and/or for Issuance of a Protective Order [doc. #67] is **DENIED.** The subpoena shall be continued to July 22, 2009.

**IT IS FURTHER ORDERED** that Plaintiff's Fourth Motion to Compel the Production of Documents By Non-Party Rick Berry [doc. #69] will be addressed at an in-court Hearing on **Wednesday, July 15, 2009** at **9:00 a.m.**  Any response to Plaintiff's Fourth Motion to Compel shall be filed no later than 12:00 p.m. on July 13, 2009, and any reply shall be filed no later than 12:00 p.m. on July 14, 2009.

Dated this 10th Day of July, 2009.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE