UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MONARCH FIRE PROTECTION DISTRICT OF ST. LOUIS COUNTY, MISSOURI,<br><br>Plaintiff,<br><br>vs.<br><br>FREEDOM CONSULTING & AUDITING SERVICES, INC., et al.,<br><br>Defendants. | Case No. 4:08CV01424 ERW |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Fourth Motion to Compel [doc. #69]. A hearing was held on July 15, 2009, and the Court heard arguments from Plaintiff, Defendants, and non-party Rick Barry ("Mr. Barry") on the Motion.

Plaintiff filed the pending Motion in response to Mr. Barry's privilege log. Specifically, Plaintiff asks that the Court compel Mr. Barry to produce:

1. Communications between Mr. Barry and law enforcement authorities, including prosecuting attorneys,

2. Communications involving Andrew Haynes, former counsel for Defendants, and

3. Communications authored by or on which public relations consultant Glenn Jamboretz was copied.

In response to this Motion, Mr. Barry stated that he will produce communications involving public relations consultant Glenn Jamboretz. However, the Parties disagree over whether privilege log numbers 44, 49, 67, 68, 70 and 72 are discoverable. Mr. Barry asserts that they contain opinion work product and are entitled to nearly absolute immunity from discovery. In

reply, Plaintiff asserts that Mr. Barry waived work product protection when he sent these documents to third parties.

I. **DISCUSSION**

The work product doctrine "is broader than and distinct from the attorney-client privilege." *In re Foster*, 188 F.3d 1259, 1272 (10th Cir. 1999) (citing *United States v. Nobles*, 42 U.S. 225, 238 n.11 (1975)). The work product doctrine protects materials prepared by an attorney in anticipation of litigation from discovery. *See Hickman v. Taylor*, 329 U.S. 495, 511 (1947). This doctrine has since been codified in Fed. R. Civ. P. 26(b)(3)(B). Materials containing "the mental impressions, conclusions, opinions or legal theories" of counsel constitute opinion work product. Fed. R. Civ. P. 26(b)(3)(B).

The work product doctrine is broader than the attorney-client privilege because its protections extend beyond communications between the attorney and client. *In re Columbia/HCA Healthcare*, 293 F.3d 289, 304 (6th Cir. 2002). "[W]hile the mere showing of a voluntary disclosure to a third person will generally suffice to show waiver of the attorney-client privilege, it should not suffice in itself for waiver of the work product privilege." *United States v. American Tel. and Tel. Co.*, 642 F.2d 1285, 1299 (D.C. Cir. 1980). "Because the attorney-client privilege and work product doctrine have different standards for waiver, they must be considered separately." *SNK Corp. of Am. v. Atlus Dream Entm't Co.*, 188 F.R.D. 566, 571 (N.D. Cal. 1999).

Some courts have found that opinion work product is "absolutely protected from discovery." *Chase v. City of Portsmouth*, 236 F.R.D. 263, 269 (E.D. Va. 2006) (citing *Hickman*, 329 U.S. at 510-13; *In re Allen*, 106 F.3d 582, 607 (4th Cir. 1997)). However, this stance is in the minority. The Eighth Circuit has stated that discovery of opinion work product is

permitted "[i]n rare circumstances." *Gundacker v. Unisys Corp.*, 151 F.3d 842, 847 (8th Cir. 1998) (citing *Pittman v. Frazier*, 129 F.3d 983, 988 (8th Cir. 1997)). The Eighth Circuit has not elaborated on what these circumstances may be, and as a result, the Court looks to decisions from other courts. The disclosure of opinion work product "to third parties does not, in and of itself, constitute a waiver of the privilege." *Construction Industry Svcs. Corp. v. Hanover Ins. Co.*, 206 F.R.D. 43, 49 (E.D.N.Y. 2001). As a result, the Court must carefully consider the facts related to these disclosures to determine if Mr. Barry's communications fall into the categories of disclosures that waive work product protection.

## A. *COMMUNICATIONS BETWEEN MR. BARRY AND LAW ENFORCEMENT*

Mr. Barry has identified privilege log numbers 67, 68, 70 and 72 as communications between himself and law enforcement authorities, including prosecuting attorneys. Opinion work product protections are waived in certain instances, including where the disclosure "substantially increases the opportunity for potential adversaries to obtain the information." *Construction Industry Svcs. Corp. v. Hanover Ins. Co.*, 206 F.R.D. 43, 49 (E.D.N.Y. 2001) (quoting *Magee*, 172 F.R.D. 627, 641 (E.D.N.Y. 1997)). "[C]ourts have found parties to have waived protection of the doctrine by voluntarily submitting documents to potential adversaries, such as government agencies . . . . However, the sharing of litigation materials among nonadversarial parties, such as co-plaintiffs, or among parties opposing the same adversary in different proceedings, has been held not to constitute waiver." *United States v. Stewart*, 287 F.Supp.2d 461, 468 (S.D.N.Y. 2003). The work product doctrine will protect opinion work product that has been disclosed to third parties, "unless disclosure is inconsistent with maintaining secrecy from possible adversaries." *Stix Prods. Inc. v. United Merchs. & Mfrs.*, 47 F.R.D. 334, 338 (S.D.N.Y. 1969).

3

Mr. Barry's decision to share his opinion work product with law enforcement and prosecutors was not consistent "with maintaining secrecy from possible adversaries." *Id.* It is the responsibility of law enforcement officers and prosecutors to follow up on complaints such as these, and to make this information public. Mr. Barry's disclosure "substantially increas[ed] the opportunity for potential adversaries to obtain the information." *Construction Industry Svcs. Corp.*, 206 F.R.D. at 49 (quoting *Magee*, 172 F.R.D. at 641). As a result, he waived the protections offered by the opinion work product doctrine. The items identified by privilege log numbers 67, 68, 70 and 72 are not protected, and must be disclosed to Plaintiff on or before July 20, 2009.

### B. *COMMUNICATIONS BETWEEN MR. BARRY AND ANDREW HAYNES*

The Court must also determine whether work product protection was waived when Mr. Barry communicated opinion work product to Andrew Haynes, former counsel for Defendants. These items are identified in the privilege log as items 44 and 49.

Most relevant to this issue is the common interest privilege. "The common interest privilege, frequently referred to as the joint defense privilege, applies where (1) the communication is made by separate parties in the course of a matter of common interest; (2) the communication is designed to further that effort; and (3) the privilege has not been waived." *United States v. Bergonzi*, 216 F.R.D. 487, 495 (N.D. Cal. 2003). A disclosure to a party sharing a common interest "is not inconsistent with the policies of encouraging zealous advocacy and protecting privacy that underlie the work product doctrine." *Medinol, Ltd. v. Boston Scientific Corp.*, 214 F.R.D. 113, 115 (S.D. N.Y. 2002). Additionally, this disclosure "does not 'substantially increase[] the opportunity for potential adversaries to obtain information." *Id.*

4

(quoting *In re Copper Market Antitrust Litig.*, 200 F.R.D. 213, 221 n.6 (S.D.N.Y. 2001); *In re Grand Jury*, 561 F.Supp. 1247, 1257 (E.D.N.Y. 1982)).

In this instance, Defendants and Mr. Barry share a common interest, and Mr. Barry states that these communications were designed to further that interest. As a result, it appears that the opinion work product protections were not waived. However, the Court has not yet seen the documents at issue, and will not conclude that they contain undiscoverable opinion work product without first conducting an *in camera* review of these documents. As a result, Mr. Barry shall submit these documents to the Court for an *in camera* review. Privilege log items 44 and 49 documents must be submitted on or before July 20, 2009.

Accordingly,

**IT IS HEREBY ORDERED** that Fourth Motion to Compel [doc. #69] is **GRANTED, in part**, and **DENIED, in part.** Privilege log numbers 67, 68, 70 and 72 must be disclosed to Plaintiff on or before July 20, 2009. Mr. Barry shall submit Privilege log items 44 and 49 to the Court on or before July 20, 2009 for an *in camera* review.

Dated this 16th Day of July, 2009.

								_____
								E. RICHARD WEBBER
								UNITED STATES DISTRICT JUDGE