UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MONARCH FIRE PROTECTION DISTRICT OF ST. LOUIS COUNTY, MISSOURI | ) ) ) |
| Plaintiff(s), | ) ) |
| vs. | ) ) Case No. 4:08-CV-1424 ERW ) |
| FREEDOM CONSULTING & AUDITING, SERVICES, INC., et al., | ) ) ) |
| Defendant(s). | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' Motion to Strike Plaintiff's Claim For or Exclude Evidence of Damages [doc. #84]. In this Motion, Defendants ask the Court to issue sanctions against Plaintiff pursuant to Rule 37(c)(1) for failing to disclose a damage calculation as required under Rule 26(a)(1)(A)(iii). Defendants move the court to strike Plaintiff Monarch Fire's claim for money damages or to exclude evidence of such damages. The Court held a hearing regarding the pending motion on September 16, 2009, and the parties presented oral arguments on the matter. At the hearing, Plaintiff raised complaints against Defendant for failing to return protected health information, hereinafter "PHI."

The Court finds that Plaintiff failed to fully comply with FRCP 26(a)(1)(A)(iii). Federal Rule of Civil Procedure 26(a)(1)(A)(iii), states that "a party must, without awaiting a discovery request, provide to the other parties: a computation of each category of damages claimed by the disclosing party..." Courts have determined that Rule 26 "...requires more than providing — without any explanation — undifferentiated financial statements; it requires a 'computation,' supported by documents." *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006).

Plaintiff's initial petition asserts five counts against Defendants: (1) Breach of Contract, (2) Rescission of Contract, (3) Conversion, (4) Replevin, and (5) Mandatory Injunction. Within each count, Plaintiff asserts damages, but Plaintiff fails to provide a specific damage computation referring to each count. While Plaintiff supplemented the pleadings with documents pertaining to damages, Plaintiff never provided a comprehensive damage computation that explains the actual damages being sought. The Court finds that Plaintiff failed to identify various elements of damages for each count. As a result, the Court orders Plaintiff to provide Defendant with a damage computation that provides the specific amount of damages being sought within ten (10) days of this order. The Court withholds its ruling for sanctions until disposition of the case.

During oral arguments, Plaintiff stated that Defendants continue to possess documents containing PHI. The Court requires that Defendants show cause for why they have not returned these documents to Plaintiff.

The Court reminds the Parties that all discovery shall be completed no later than **September 24, 2009**. The Court, on it's own motion, extends the deadline for filing any motions to dismiss, motions for summary judgment or motions for judgment on the pleadings to **October 15, 2009**. Briefs in opposition shall be filed within twenty (20) days and any reply briefs shall be filed within five (5) days. All other deadlines set forth in the Case Management Order remain in effect.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Strike Plaintiff's Claim For or Exclude Evidence of Damages [doc. #84] is **HELD IN ABEYANCE.** Court withholds ruling on the issue of sanctions until disposition of the case.

**IT IS FURTHER ORDERED** that Plaintiff shall provide Defendants with the specific amount of damages they are seeking for each count specified in their complaint within ten (10) days of the date of this Order.

**IT IS FURTHER ORDERED** that Defendants shall show cause within ten (10) days of the date of this Order as to why Defendant has failed to return these documents to Plaintiff.

**IT IS FURTHER ORDERED** that the deadline for filing any motions to dismiss, motions for summary judgment or motions for judgment on the pleadings is extended to **October 15, 2009**.

Dated this 18th Day of September, 2009.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE