UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MONARCH FIRE PROTECTION DISTRICT OF ST. LOUIS COUNTY, MISSOURI, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 4:08-CV-1424 (ERW) |
| v. | ) ) |
| FREEDOM CONSULTING & AUDITING SERVICES, INC., BRETT TURNER and KAREN RITTINGER, | ) ) ) ) ) |
| Defendants. | ) |

**PLAINTIFF'S FIRST MOTION FOR SUMMARY JUDGMENT**
**(COUNT I -- BREACH OF CONTRACT, DEFENDANT FREEDOM)**

Comes now Plaintiff, by its attorneys, and pursuant to F.R.C.P. 56(a), moves this Court for Summary Judgment against Defendant Freedom Consulting & Auditing Services, Inc. (hereinafter "Defendant Freedom") with respect to Count I of Plaintiff's First Amended Complaint, and, in support, states to the Court as follows:

**I.  Defendant Freedom breached the Business Associate Agreement (hereinafter "BAA") (PX-102) to which it was party with Plaintiff in the following particulars:**

A.  Defendant Freedom breached BAA ¶ 2B by failing to de-identify individually identifiable information from documents it received, by failing to replace such individually identifiable information with a confidential control number; by creating and disseminating the Privileged Supplement which contained Protected Health Information ("PHI"); and by providing this Privileged Supplement and PHI to Rick Barry, the attorney for IAFF 2665.

{00124757.6}

B. Defendant Freedom breached BAA ¶ 2B by failing to use appropriate safeguards to prevent use or disclosure of PHI, in that Defendants provided the Privileged Supplement and PHI to Rick Barry, the attorney for IAFF 2665.

C. Defendant Freedom breached BAA ¶ 2A by failing to use or disclose PHI only as permitted or required by the BAA or by law.

D. Defendant Freedom breached BAA ¶ 2D by failing to report to Plaintiff uses/disclosures of PHI not provided for in the BAA.

E. Defendant Freedom breached BAA ¶ 2E by failing to ensure that its agent, Andrew Haynes, to whom it provided the Privileged Supplement and PHI, agreed to the same restrictions and conditions of the BAA that applied to Freedom and further breached BAA ¶ 2E by failing to ensure that Haynes agreed to implement reasonable and appropriate safeguards to protect Plaintiff's PHI.

F. Defendant Freedom breached BAA ¶ 2G by failing to document its disclosures of PHI, in the manner required by BAA ¶ 2G.

G. Defendant Freedom breached BAA ¶ 3 by failing to abide by the "minimum necessary" standard.

H. Defendant Freedom breached BAA ¶ 2B by keeping and retaining health information containing individually identifiable information and also breached BAA ¶ 6C(1) by failing to return all PHI in it or its agents' possession to Plaintiff and/or destroying the same, upon termination of the BAA, and upon the request of Plaintiff.

I. Defendant Freedom breached BAA ¶ 7G by failing promptly to forward a copy of a grand jury subpoena it received to Plaintiff and by failing to afford Plaintiff the

        opportunity to be a part of the decision-making process about the subpoena, including responding to the subpoena served upon Defendant Freedom.

J.      Defendant Freedom breached BAA ¶ 2C by failing to mitigate the harmful effects of uses/ disclosures of PHI by Defendants in violation of the BAA.

**II.    Defendant Freedom's breach of the BAA has caused damage to Plaintiff, as of August 31, 2009, in the amount of $463,893.52, with said damages continuing to mount and accrue on and after September 1, 2009.**

There are no genuine issues of material fact concerning the foregoing and Plaintiff is, therefore, entitled to judgment as a matter of law on Count I against Defendant Freedom.

In the alternative, if this Court concludes that there is a genuine issue of material fact regarding the amount of damages, then Plaintiff, pursuant to F.R.C.P. 56(a) and (d)(2) moves this Court to enter Partial and/or Interlocutory Summary Judgment on Count I of the First Amended Complaint, against Defendant Freedom on the issue of liability alone.

WHEREFORE, Plaintiff prays that Summary Judgment be entered in its favor on Count I and against Defendant Freedom as aforesaid, with an award to Plaintiff of its attorneys' fees and costs incurred in the prosecution of this matter, as aforesaid, and as accruing on and after September 1, 2009.

Respectfully submitted,

THE LOWENBAUM PARTNERSHIP, L.L.C.

    /s/ Robert W. Stewart
Robert W. Stewart, AR #4463
Mary Carter Martin, AR #86356
Whitney D. Pile, AR #5223736
222 South Central Avenue, Suite 901
Clayton, Missouri  63105
(314) 863-0092 - *Main*
(314) 746-4848 - *Fax*
rstewart@lowenbaumlaw.com
mcm@lowenbaumlaw.com
wpile@lowenbaumlaw.com

Attorneys for Plaintiff Monarch Fire Protection District

## **CERTIFICATE OF SERVICE**

    I hereby certify that I have on October 9, 2009 served a true and correct copy of the foregoing via electronic filing upon the following:

Michael P. Downey, Esq.
Gino P. Gusmano, Esq.
Gateway One
701 Market Street, Suite 1300
St. Louis, Missouri  63101-1843

    /s/ Robert W. Stewart

RWS/kds

{00124757.6}    4