UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MONARCH FIRE PROTECTION DISTRICT<br>OF ST. LOUIS COUNTY, MISSOURI<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>FREEDOM CONSULTING & AUDITING,<br>SERVICES, INC., et al.,<br><br>　　　　Defendants. | Case No. 4:08-CV-1424 ERW |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's First Motion to Remove "Confidential" Designation from Certain Documents Produced by Non-Party Deponent Rick Barry [doc. 98], Plaintiff's Fifth Motion to Compel Answers to Deposition Questions by Non-Party Deponent Rick Barry [doc. #107], Plaintiff's Motion to Compel Mediation and Set Mediation for October 23, 2009 [doc. #111], Plaintiff's Motion for Sanctions Against Defendants For the Intentional Destruction of Relevant Evidence [doc. #113], and the Court's Order for Defendants to Show Cause as to Why Defendants have Failed to Turn Over Privileged Health Information ("PHI") to Plaintiff [doc. #103].

## **I.　PLAINTIFF'S FIRST MOTION TO REMOVE "CONFIDENTIAL" DESIGNATION FROM CERTAIN DOCUMENTS PRODUCED BY NON-PARTY DEPONENT RICK BARRY [doc. 98]**

Plaintiff Monarch Fire Protection District seeks an order from the Court to remove the "confidential" designation from the Barry documents identified and summarized on Exhibit 3 attached to Plaintiff's Memorandum in Support of this Motion. Plaintiff states that such an order

is needed so that Plaintiff may bring these documents to the attention of the Plaintiff's Board of Directors.

The Court denies Plaintiff's motion to remove the "confidential" designation from the documents produced by Rick Barry**.** After reviewing the specified documents and the arguments presented by each side, the Court finds that removing the confidential designation from the documents is not appropriate.  The Court is not persuaded by Plaintiff's argument that the Board of Directors needs to see these documents for any reason relevant to this litigation.

## II.     PLAINTIFF'S FIFTH MOTION TO COMPEL ANSWERS TO DEPOSITION QUESTIONS BY NON-PARTY DEPONENT RICK BARRY [doc. #107]

Plaintiff seeks an order compelling Mr. Barry to appear for his continued deposition and to answer fully certain questions.  Plaintiff specifically requests that the Court order Mr. Barry to answer questions regarding (1) Mr. Barry's communications with non-client third parties, (2) documents provided to or reviewed by Mr. Barry, (3) identification of persons who saw or to whom Mr. Barry provided relevant documents, (4) Mr. Barry's review of the Business Associate Agreement and PHI, (5) changes to audit reports by Mr. Barry and related communications, (6) Mr. Barry's receipt of and communications regarding Plaintiff's privileged documents in Mr. Barry's possession, (7) Mr. Barry's transmittal of audit reports to law enforcement and communications regarding the same, (8) Mr. Barry's receipt of PHI, his sources of PHI, and general disclosure of PHI, and (9) other questions on relevant, non-privileged matters.  The court will address each type of question in turn.

### A.     *Mr. Barry's communications with non-client third parties*

Mr. Barry does not represent any party to this action.  Regarding Mr. Barry's communications with non-client third parties, Mr. Barry is required to answer questions regarding

any information previously disclosed to any non-client third parties including questions regarding his mental impressions. By communicating this information to a third party, the Court finds that any privilege Mr. Barry might raise under the attorney client relationship and work product doctrine is waived.

### B. *Documents provided to or reviewed by Mr. Barry*

As to questions regarding documents provided to or reviewed by Mr. Barry, the Court addresses these types of documents separately. Mr. Barry must answer questions regarding any documents provided to and from non-party, non-client, third parties.

### C. *Identification of persons who saw or to whom Mr. Barry provided relevant documents*

The Court also finds that Mr. Barry must answer deposition questions relating to the identification of persons to whom Mr. Barry showed or provided relevant documents, when it involves non-clients. For example, if Mr. Barry provided documents to a non-client, Mr. Barry should answer questions relating to the identification of the persons to whom Mr. Barry showed or to whom Mr. Barry provided the relevant documents.

### D. *Mr. Barry's review of the Business Associate Agreement and PHI*

Mr. Barry is required to answer all questions concerning identification of PHI information he reviewed. Whether Mr. Barry must answer questions involving his review of the Business Associate Agreement depends on whether the review occurred in anticipation of litigation. If Mr. Barry reviewed the Business Associate Agreement in anticipation of litigation, the information is privileged, and Mr. Barry is not required to answer these deposition questions.

### E. *Changes to audit reports by Mr. Barry and related communications*

The Court finds that Mr. Barry is required to answer questions regarding changes to audit reports and any related communications when Mr. Barry made the changes and then related those changes to persons other than his clients. By disclosing this information to non-clients, the attorney-client privilege is waived. Mr. Barry is not required to testify regarding changes that he communicated only to his clients. However, all changes to audit reports by Mr. Barry must be provided to the Court for *in camera* inspection.

### F. *Mr. Barry's receipt of and communications regarding Plaintiff's privileged documents in Mr. Barry's possession*

The Court also instructs Mr. Barry to answer questions relating to his receipt of Plaintiff's privileged documents, in that he must answer questions as to whether he received Plaintiff's privileged documents and answer questions relating to how he received the documents. Mr. Barry must also answer questions as to the identity of any person or entity to whom he supplied Plaintiff's privileged documents, other than his clients.

### G. *Mr. Barry's transmittal of audit reports to law enforcement and communications regarding the same*

The Court also finds that Mr. Barry must answer questions relating to his transmittal of audit reports to law enforcement and communications regarding the same. Mr. Barry must answer questions relating to the actual transmittal of the audit reports to law enforcement. In addition, Mr. Barry must answer questions regarding his communications about the transmittal of the audit reports to law enforcement officials. If the communications were made only to his clients, Mr. Barry is not required to answer questions relating to these communications under the attorney-client privilege. Mr. Barry is also not required to answer questions regarding

documents, in this regard, this Court has held to be privileged attorney work product or opinions expressed to his clients.

### H. *Mr. Barry's receipt of PHI, his sources of PHI, and general disclosure of PHI*

The Court further instructs that Mr. Barry must answer questions regarding his receipt of PHI from non-clients. Mr. Barry will be required to answer questions relating to his receipt of PHI from his clients to the extent that Mr. Barry waived the privilege by disclosing the information to third-party, non-clients.

### I. *Other questions on relevant, non-privileged matters*

As to questions involving other relevant, non-privileged matters, the Court declines to provide specific guidance. However, the Court instructs the parties to follow the rulings outlined above.

## III. PLAINTIFF'S MOTION TO COMPEL MEDIATION AND SET MEDIATION FOR OCTOBER 23, 2009 [doc. #111].

On October 6, 2009, the Court held a hearing regarding Plaintiff's Motion to Compel Mediation. At the hearing, Defense Counsel, Michael Downey, indicated to the Court that all the parties could meet on October 23, 2009 to conduct the mediation. As a result of this development, the Court grants Plaintiff's motion to compel mediation and sets the mediation for October 23, 2009.

## IV. PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANTS FOR INTENTIONAL DESTRUCTION OF RELEVANT EVIDENCE [doc. #113]

Plaintiff alleges that Defendants engaged in the intentional spoliation of relevant evidence. As a result, Plaintiff asks the Court to sanction the Defendants by entering a default judgment against the Defendants. Plaintiff alleges that Defendant Karen Indellicati intentionally destroyed

the hard drive off her computer, and at the time of this destruction, Plaintiff claims Defendant knew or should have known that the information on the hard drive was relevant to claims in the current lawsuit. At the hearing, Defense Counsel, Mr. Downey, did not deny that Ms. Indellicati destroyed the hard drive. Instead, Mr. Downey argued that Ms. Indellicati's actions were proper. Mr. Downey contends that actions were proper because Defendant Freedom Consulting retained hard copies of all the records contained on the hard drive prior to its destruction.

A district court has broad discretion in imposing sanctions. *Everyday Learning Corp. v. Larson*, 242 F.3d 815 (8th Cir. 2001). District courts may refuse to allow the party to support or oppose certain claims or defenses, prohibit the introduction into evidence of designated matters, strike pleadings, dismiss the action, or even enter a default judgment against the party. Fed. R. Civ. P. 37. Additionally, a court may require the party to pay for expenses reasonably incurred by the opposing party. Fed. R. Civ. P. 16. At this time, the Court withholds ruling on Plaintiff's motion for sanctions. It appears to the Court that some sanctions for Ms. Indellicati's intentional destruction of the hard drive are appropriate such as giving an adverse inference instruction to the jury. However, at this time no sanctions will be issued.

## V. COURT'S ORDER FOR DEFENDANT TO SHOW CAUSE AS TO WHY DEFENDANT HAS FAILED TO TURN OVER PRIVILEGED HEALTH INFORMATION ("PHI") TO PLAINTIFF [doc. #103].

During oral arguments on Defendant's Motion to Strike Plaintiff's Claim for Damages, Plaintiff stated that Defendants continue to possess documents containing PHI. Following the hearing, the Court issued a Memorandum and Order [doc. #103] requiring the Defendants to show cause as to why they have not returned these documents to Plaintiff. During the hearing on October 6, 2009, the parties agreed to address discovery issues involving PHI. The parties

specifically addressed PHI possessed by various individuals including Mr. Brett Turner, Mr. Andrew Haynes, Mr. Rick Barry, Mr. John Shoops, the Attorney General of Missouri, the Assistant United States Attorney for the Eastern District of Missouri, and Mr. Calhoun, the Assistant St. Louis County prosecutor. In order to resolve the discovery issues involving PHI, the Court instructs the parties to do the following.

First, the Court orders Defendants to turn over to the Court for *in camera* inspection all PHI contained on their privilege logs that Defendants have not previously disclosed to Plaintiff.

Secondly, the Court orders Defendants to produce the computers and hard drives belonging to Mr. Turner and Mr. Shoops to a mutually-acceptable forensic specialist. The technician must sign an agreement that he or she will not disclose any prohibited health information that is not associated with this case and then, only to the parties' counsel. The parties must prepare a protective order before the specialist examines the computers. The forensic specialist is to determine if there is any prohibited health information of known individuals in this case or any other data pertaining to those individuals and also information relating to witnesses in this case. The parties are further instructed that anything pertaining to the known individuals in this case should be pulled from that hard drive. This also includes any communications with Ms. Karen Indellicati, any information that is directed to Mr. Barry, and any information directed to any of the Board members. Any information recovered should be turned over to Plaintiff's counsel. In the event that the Defendants believe such information is privileged, Defendants should turn the information over to the Court for an *in camera* inspection. The Court further finds that the act of producing the computers or information therefrom does not waive the attorney-client privilege as to these communications.

The Court also orders that Mr. Barry either produce his copy of the privileged supplement to Plaintiff's counsel or produce any copy or copies of the privileged supplement to Ms. Mary Martin who may inspect such copy or copies to determine whether his copy of the privileged supplement is identical to Ms. Martin's copy. If the copies are the same, Mr. Barry is not required to turnover the copy to the Plaintiff until after the trial.

In addition, the Court orders Defendants to produce an affidavit from Mr. Haynes as to whether he has any PHI that he has not turned over to Plaintiff. If Mr. Haynes possesses PHI he has not previously disclosed to Plaintiff, Defendants should turn this information over to Plaintiff's counsel.

The Court also orders the parties to make their best efforts to obtain all PHI in the possession of the Attorney General of Missouri, the United States Attorney for the Eastern District of Missouri, and St. Louis County Prosecutor.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's First Motion to Remove "Confidential" Designation from Certain Documents Produced by Non-Party Deponent Rick Barry [doc. 98] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Fifth Motion to Compel Answers to Deposition Questions by Non-Party Deponent Rick Barry [doc. #107] is **GRANTED, in part,** and **DENIED, in part.** Mr. Barry is required to continue his deposition and answer the questions regarding information not protected by the attorney-client privilege or work product doctrine as explained in this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Mediation and Set Mediation for October 23, 2009 [doc. #111] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Sanctions Against Defendants For the Intentional Destruction of Relevant Evidence [doc. #113] is **HELD IN ABEYANCE.** The Court withholds ruling on the issue of sanctions until a later date.

**IT IS FURTHER ORDERED** that Defendants turn over to the Court for *in camera* inspection all PHI contained on their privilege logs that Defendants have not previously disclosed to Plaintiff.

**IT IS FURTHER ORDERED** that Defendants produce the computers and hard drives belonging to Mr. Turner and Mr. Shoops to a mutually-acceptable forensic specialist and turn over the documents to the Plaintiff's counsel or to the Court for an *in camera* inspection as indicated above.

**IT IS FURTHER ORDERED** that Defendants produce Mr. Barry's copy or copies of the privileged supplement for Plaintiff, or alternatively, produce any copy or copies of the privilege supplement to Ms. Mary Martin who may inspect such copy or copies to determine whether his copy of the privileged supplement is identical to Ms. Martin's copy.

**IT IS FURTHER ORDERED** that Defendants produce an affidavit from Mr. Haynes as to whether he has any PHI that he has not turned over to Plaintiffs and act accordingly as above.

**IT IS FURTHER ORDERED** that both parties make their best efforts to obtain all PHI in the possession of the Attorney General of Missouri, the United States Attorney for the Eastern District of Missouri, and St. Louis County Prosecutor.

Dated this 20th Day of October, 2009.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE