UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MONARCH FIRE PROTECTION DISTRICT OF ST. LOUIS COUNTY, MISSOURI, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 4:08CV01424 ERW ) |
| FREEDOM CONSULTING & AUDITING SERVICES, INC., et al., | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the Motion to Show Cause of Intervenors International Association of Firefighters Local 2665 – Professional Association of Firefighters of Eastern Missouri ("Local 2665"), Glenn Jamboretz ("Jamboretz"), The Glennon Company, Andy Stecko ("Stecko"), Jon Shoop ("Shoop"), and the Law Offices of Rick Barry, P.C. ("Barry") (collectively, "Intervenors") [doc. #337]. The Court heard arguments on this Motion from Intervenors and the parties at a hearing held on May 17, 2010.

### **I. FACTUAL AND PROCEDURAL BACKGROUND**

On January 30, 2009, the Court entered a Stipulated Confidentiality Order in this case, under which the parties were permitted to designate certain documents produced in discovery as confidential. In the course of discovery, Intervenor Barry, attorney for Intervenor Local 2665, produced documents to Plaintiff Monarch Fire Protection District of St. Louis County, Missouri ("Monarch") and designated those documents as confidential. Choosing not to contest the general applicability of the Confidentiality Order to documents produced by Intervenors, Monarch instead filed a motion seeking to have the designations removed as to certain documents, arguing

that among the documents produced were (1) Monarch documents representing attorney-client communications and attorney work product; (2) Monarch documents that would not have been disclosed to third parties absent a Sunshine Law request, which Monarch had no record of receiving; and (3) documents evidencing communications with a Monarch director, arguably in violation of a resolution of Monarch's board prohibiting such communications. The Court denied Monarch's request in its Memorandum and Order entered October 20, 2009 [doc. #217].

Intervenors now claim that Monarch's counsel violated the Confidentiality Order by permitting certain third parties to view the documents at issue, based on the events of the meeting of Monarch's board of directors on April 8, 2010. In that meeting, Monarch director Rick Gans ("Gans") read a portion of one confidential document into the record. Additionally, Monarch's board passed a resolution authorizing a local attorney to investigate what confidential, closed-record, and attorney-client privileged Monarch documents are or were in the possession of Intervenor Local 2665 or its public relations firm.

Intervenors contend that Monarch's board would not have taken these actions unless Monarch's counsel impermissibly disclosed the confidential Barry documents to their client. Intervenors further claim that the board resolution resulted in an investigation of Intervenors Stecko and Shoop, both of whom are Monarch employees, and that Monarch has demanded that Stecko and Shoop turn over confidential documents, evidently in the belief that either Stecko or Shoop, or both, were responsible for leaking Monarch's privileged or otherwise confidential documents to Barry. In their Motion, Intervenors seek an order compelling Monarch to return all of the confidential documents produced by Barry in its possession to Monarch's attorneys, and an award of attorneys' fees for the expenses associated with bringing this Motion and providing legal representation to Stecko and Shoop in the Monarch investigation.

Assuming that Intervenors were entitled to rely on the Confidentiality Order in designating documents as confidential, which is by no means clear given that it only bound the parties to this litigation, Intervenors have nevertheless failed to demonstrate that Monarch's counsel violated its terms. With respect to Intervenors' claim that Gans read a confidential document into the record of the board meeting, it is undisputed that Intervenor Jamboretz produced the same document to Monarch prior to the entry of the Confidentiality Order and without designating it as confidential. Intervenors offer no argument as to why the Confidentiality Order would relate back to documents produced before it became effective, and the Court is aware of no legal or equitable reason to give the Order that effect. Jamboretz produced the document in response to a subpoena duces tecum from Monarch, without any indication that its contents were confidential, at which point Monarch's counsel were free to share the document with their client.

Intervenors' allegations concerning the investigation similarly fail to establish a violation of the Confidentiality Order. Based on an affidavit from Gans, Monarch asserts that the decision to pursue the investigation was based on a review of the transcript of the October 6, 2009 hearing on Monarch's motion to remove the confidential designations from the Barry documents, during which the parties discussed in open court the possibility that Jamboretz, Barry, and Local 2665 might possess attorney-client or otherwise confidential Monarch documents. Gans also declared in his affidavit that he has never personally seen any of the confidential documents at issue, with the exception of the document produced by Jamboretz. Intervenors have failed to present any evidence in response tending to indicate that the investigation was based on the release of confidential documents and not, as represented by Monarch and supported by the Gans affidavit, based on the events of the October 6, 2009 hearing.

As such, the Court concludes that Intervenors' Motion will be denied. Neither Monarch's possession of the Jamboretz document nor its knowledge that Barry allegedly possessed attorney-client and otherwise privileged Monarch documents establish that Monarch's counsel shared privileged documents with its client, and Intervenors have failed to contradict Monarch's evidence indicating that it acquired that information by means outside the scope of the Confidentiality Order.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Show Cause of Intervenors International Association of Firefighters Local 2665 – Professional Association of Firefighters of Eastern Missouri, Glenn Jamboretz, The Glennon Company, Andy Stecko, John Shoop, and the Law Offices of Rick Barry, P.C. [doc. #337] is **DENIED**.

Dated this 20th Day of May, 2010.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE