# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MONARCH FIRE PROTECTION DISTRICT OF ST. LOUIS COUNTY, MISSOURI, | ) ) ) |
| Plaintiff(s), | ) ) |
| vs. | ) ) Case No. 4:08CV01424 ERW |
| FREEDOM CONSULTING & AUDITING SERVICES, INC., et al., | ) ) ) ) |
| Defendant(s). | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion for Bill of Costs [doc. #327] and Francis J. Vatterott's Motion to Intervene [doc. #350].

**I. Plaintiff's Motion for Bill of Costs**

Defendants do not dispute that Plaintiff is a prevailing party, entitled to costs, however, because Defendants oppose most of Plaintiff's request for costs, the Court will examine each of the requested amounts challenged by Defendants to determine if the cost should be granted or denied. Rule 54(d) of the Federal Rules of Civil Procedure provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Pursuant to 28 U.S.C. § 1920, costs may be taxed for:

 (1) Fees of the clerk and marshal;
 (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
 (3) Fees and disbursements for printing and witnesses;
 (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
 (5) Docket fees under section 1923 of this title;
 (6) Compensation of court appointed experts, compensation of interpreters,

and salaries, fees, expenses, and costs of special interpretation services
under section 1828 of this title.

The Court may not award costs other than those authorized by § 1920 because this section "imposes rigid controls on cost-shifting in federal courts." *Brisco-Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002) (internal quotation omitted). Upon objection by the opposing party as to authorized costs, however, the Court may exercise its discretion to grant or deny costs. *Pershern v. Fiatallis North America, Inc.*, 834 F.2d 136, 140 (8th Cir. 1987).

### A. Expert Witness Fees

Plaintiff initially sought an award of $21,544.25 for expert witness fees for Buck Consultants, Inc. and Hon. Bernard Drumm. In its Memorandum in Reply To Defendant's Opposition To Plaintiff's Bill of Costs [doc. #339], Plaintiff withdrew this claim.

### B. Mediation Charges

Plaintiff initially sought an award of $1,955.92 for mediation costs. In its Memorandum In Reply To Defendant's Opposition To Plaintiff's Bill of Costs [doc. #339], Plaintiff withdrew this claim.

### C. Copying Charges

Plaintiff seeks an award of $1,368.90 for copying costs. Plaintiff notes that this case involved thousands of pages of documents, and seeks recovery for copying only a small fraction of the documents produced by the parties and by witnesses in an effort to keep costs down. Plaintiff specifically lists each category of copying charges, total copies and a reasonable per page charge. There were 357 entries on the docket in this case. Each category of claimed charges is in all respects necessary and reasonable as submitted. See *Concord Boat Corporation v. Brunswick*

*Corporation,* 309 F. 3d 494, 498 (8th Cir. 2002). Defendants' cited cases are not persuasive. The Court will allow the requested amount for copying costs of $1,368.90.

### D. Process Server Fees

Plaintiff seeks an award of costs for process server fees. While other circuits have allowed imposition of costs for process server fees, the Eighth Circuit has not strayed from the plain language of the stature allowing costs. This Court accordingly concludes that there is no statutory provision for allowing an award of costs for incurred process server fees and Plaintiff's request for these fees will be denied.

### E. HIPPA treatise

Plaintiff asks for $423.24 for cost of the HIPAA Portability, Privacy & Security Manual, claiming that it was "co-authored by Defendants' former counsel and a key witness in the action . . ." There is nothing in the record suggesting that such an amount is reasonable, and accordingly, the request for this requested sum will be denied.

### F. Deposition and Witness Fees

Plaintiff seeks fees paid for deposition fees including court reporter fees and deposition transcripts in the amount of $13,500.83. Plaintiffs further ask for witness fees of $990.10. Defendants seem to agree, or at least do not object, that depositions for Rick Barry, Andrew Haynes, Karen Indellicati and Brett Turner were necessary, and that total costs for these depositions of $5,983.74 for court reporter and transcript costs and $95.00 for witness fees should be allowed. All of the reasons cited by Plaintiff in support of allowing the claimed fees in this category are persuasive. The Court has examined each of the other line-item claims in this category and concludes that all charges were necessarily and reasonably incurred, except for the $315.00

sum claimed for Andrew Haynes. These is no countervailing argument by Plaintiff that the check issued to Mr. Haynes was cashed. Deposition costs of $13,500.83 will be allowed. Witness fees of $675.10 for witness fees will be allowed. See *Bathke v. Casey's General Stores,* 64 F.3d 340, 347 (8th Cir. 1995).

### F. Fees of the Clerk

Under the authority of 28 U.S.C. § 1920(1), fees of the St. Louis County Circuit Clerk in the amount of $97.00 will be allowed.

Unless costs and fees are otherwise allowed in this Order, all requests are denied an having no factual or legal support in the record.

## II. Motion To Intervene

In his Motion to Intervene, Francis J. Vatterott states that a modification of the Stipulated Confidential Order is necessary to permit him to investigate and report findings to the Board of Directors of Monarch Fire Protection District regarding possible illegal disclosure of non-public and privileged information and documents of the District to third parties. While Movant makes a strong argument that other circuits have interpreted Fed. R. Civ. P. 24(b) in an expansive manner to permit non-party intervention, no Eighth Circuit authority exists to allow such interpretation. The Motion to Intervene will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Bill of Costs [doc. #327] is **GRANTED,** in part, and **DENIED,** in part. The Clerk of Court shall tax costs in the amount of $14,272.93 against Defendants.

**IT IS FURTHER ORDERED** that Francis J. Vatterott's Motion to Intervene [doc. #350] is **DENIED.**

**So Ordered this 30th Day of November, 2010.**

_____
**E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE**